## J. F. Brady v. Charles T. Loring, for Use of, etc.

1.   VERDICTS—*Against the Weight of the Evidence.*—The court discusses the evidence, and hold that the verdict of the jury is against the clear preponderance of the evidence, and that the judgment must be reversed.

**Transcript,** from a justice of the peace.    Appeal from the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Heard in this court at the March term, 1897.    Reversed and remanded. Opinion filed May 24, 1897.

McDANNOLD & PHELPS, attorneys for appellant.

FERGUSON & GOODNOW, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The only question in this case is whether appellant, who had become indebted to one Charles T. Loring, and who has paid him in full, had notice when he made such payment that the claim of said Loring had been by him assigned to the Osburn Electric Supply Company; if he had, then the judgment of the County Court must be affirmed; otherwise, it should be reversed. The only evidence that he did have such notice is the testimony of the president of the Osburn Supply Company, as follows :

" I first saw Mr. Brady in reference to this contract when Mr. Loring came after me—some time after the assignment of the money had been made—in July, 1895, and I went with him to Brady's office to receive money on the contract. The conversation which took place between us was up stairs, between Loring, Brady and myself, and we had gone up there to see some of the workmen who were insisting on their money before Brady would consent to pay over anything to me. I did not show Brady the assignment; in fact, I do not believe I had it with me, although we talked about it, and he, Brady, desired a receipt from both Mr. Loring and myself for money paid over to me on the assignment, knowing that we were furnishing Loring the material to fix up the saloon. After we had talked about the matter up stairs we came downstairs, and Brady told his clerk, Mr. McCarty, to make out a check payable to the Osburn Electric Supply Company for two hundred dollars. This check I received, and both Mr. Loring and myself, as president of the Osburn Supply Company, signed a receipt to Mr. Brady for the two hundred dollars, to apply on account for the contract for wiring the saloon." * * * " At the time I went to see Brady and he paid me the two hundred dollars, I, as I remember it, did not have the assignment of the con-

tract with me, and Brady did not see it. I think Brady knew of the assignment."

The utmost, as to notice to Brady, that thus appears, is that the assignment was "talked about," and probably by or in the presence of Brady. The statements made from which the witness testifies (infers) that the assignment was talked about, is not shown.

On the other hand, Brady testifies that he never had any notice of the assignment of the account.

His acts in paying the full amount to Loring strongly corroborate his testimony.

The finding of the jury is opposed to the clear preponderance of the evidence, and the judgment of the County Court is reversed and the cause remanded.